IN THE UNITED STATES DIST0RICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-375-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AARON JUAREZ-GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On August 23, 2012, a jury convicted Aaron Juarez-Gomez ("Juarez-Gomez") of conspiracy to distribute and possess with the intent to distribute 280 grams of more of cocaine base (crack) and 5 kilograms or more of cocaine (count one), distribution of a quantity of cocaine (counts two and three), distribution and possession with intent to distribute a quantity of cocaine (counts four and five), and possession with intent to distribute 280 grams or more of cocaine base crack and 5 kilograms or more of cocaine and aiding and abetting (count six). See [D.E. 94, 150]. On January 10, 2013, the court held Juarez-Gomez's sentencing hearing. See [D.E. 130, 134, 146]. At the hearing, the court ruled on certain objections and adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 101]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 146] 4–37. The court calculated Juarez-Gomez's total offense level to be 40, his criminal history category to be IV, and his advisory guideline range on counts one and six to be 360 months to life imprisonment and on counts two through five to be 240 months' imprisonment. See Sentencing Tr. at 36–37. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Juarez-Gomez to 390 months' concurrent imprisonment on counts 1 and 6, and 240 months' concurrent imprisonment on counts 2, 3, 4, and 5. See id. at 52–61. Juarez-Gomez

appealed. On April 24, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Gomez-Jiminez, 750 F.3d 370 (4th Cir. 2014).

On January 13, 2016, Juarez-Gomez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 168]. Juarez-Gomez's new advisory guideline range on counts one and six is 324 to 405 months' imprisonment, based on a total offense level of 38 and a criminal history category of IV. See Resentencing Report. Juarez-Gomez requests a 338-month concurrent sentence on counts one and six, and a 240-month concurrent sentence on counts two, three, four, and five. See id.; [D.E. 168].

The court has discretion under Amendment 782 to reduce Juarez-Gomez's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Juarez-Gomez's sentence, the court finds that Juarez-Gomez engaged in serious criminal behavior. See PSR ¶¶ 10–15. Moreover, Juarez-Gomez has convictions for felony possession of cocaine, driving while intoxicated (two counts), illegal reentry after deportation (two counts), trafficking in cocaine by possession, trafficking in cocaine by sale, and trafficking in cocaine by transportation. See id. ¶¶ 17–22. Juarez-Gomez also lacks a legitimate work history. See id. ¶¶ 35–37. Juarez-Gomez has taken some positive steps while incarcerated on his federal sentence, but he received a

disciplinary infraction for possessing an unauthorized item. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Juarez-Gomez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Juarez-Gomez's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Juarez-Gomez's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Juarez-Gomez's motions for reduction of sentence [D.E. 168, 173].

SO ORDERED. This 11 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge